IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO LAUREL,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM MUNIZ, Warden,<br><br>        Respondent. | No. C 14-05118 BLF (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. On March 3, 2015, the Court dismissed this action for failure to pay the $5 filing fee. (Docket No. 11.) On March 27, 2015, Petitioner paid the filing fee and filed a second habeas petition. (Docket No. 15.) On April 9, 2015, the Court vacated the March 3, 2015 Order of Dismissal and Judgment, and re-opened this action. (Docket No. 17.) The Court ordered Plaintiff to inform the Court by May 9, 2015 if he sought to have the later-filed petition serve as the operative pleading. (*Id.* at 1–2.) The Court informed Petitioner that if no response was received from Petitioner, the Court would strike the later-filed petition (Docket No. 15) and treat the initial petition (Docket No. 1) as the operative pleading. The deadline has

Order of Service
P:\PRO-SE\BLF\HC.14\05118Laurel_osc.wpd

passed, and Petitioner has not communicated with this Court. Accordingly, the second petition filed (Docket No. 15) is stricken from the record. The initial petition (Docket No. 1) is the operative petition.

## BACKGROUND

According to the petition, after a jury trial in Santa Clara County, Petitioner was found guilty of forcible rape, kidnapping, assault with a deadly weapon, and making threats to commit a crime resulting in death or great bodily injury. (Pet. at 2–3.) On January 9, 2014, the trial court sentenced Petitioner to 25 years to life in state prison. (*Id.* at 2.)

## DISCUSSION

A.  <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id. § 2243.*

B.  <u>Legal Claims</u>

Petitioner claims the following as grounds for habeas relief: (1) ineffective assistance of trial counsel for failing to object to expert witness Adler's testimony regarding irrelevant issues which had the potential to increase the jury's sympathy for the victim and increase the jury's prejudice towards Petitioner; (2) ineffective assistance of counsel and violation of his rights under the Confrontation Clause when trial counsel failed to cross-examine Adler and to secure a rebuttal expert witness; (3) ineffective assistance of appellate counsel for failing to raise Claim No. 2 on appeal; (4) violation of his due process right to be present at his sentencing on

January 9, 2014; (5) ineffective assistance of trial counsel for failing to challenge his one-strike enhancement for kidnapping and personal use of a deadly weapon; (6) ineffective assistance of appellate counsel for failing to raise Claim No. 5; (7) ineffective assistance of trial counsel for failing to challenge his sentence as cruel and unusual punishment in violation of the Eighth Amendment because it was substantially harsher than similarly situated defendants; (8) ineffective assistance of appellate counsel for failing to raise Claim No. 7; (9) ineffective assistance of appellate counsel for failing to argue that there was insufficient evidence to support a guilty finding on the kidnapping count. (Pet. at 6 and Pet. Attach. at 6-2 to 6-10.) Liberally construed, these claims are cognizable and merit a response from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Docket No. 15 is stricken from the record.

2. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto (Docket No. 1) on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

**IT IS SO ORDERED.**

DATED: May 28, 2015

BETH LABSON FREEMAN
United States District Judge

Order of Service
P:\PRO-SE\BLF\HC.14\05118Laurel_osc.wpd

4